**UNITED STATES of America, Appellee,**

v.

**Emory Lee WELLING, Appellant.**

No. 84–2051.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1985.

Decided March 29, 1985.

Paul Johnson, Little Rock, Ark., for appellant.

Michael Johnson, Little Rock, Ark., for appellee.

Before HEANEY and BRIGHT, Circuit Judges and HANSON,* Senior District Judge.

PER CURIAM.

Emory Lee Welling entered conditional pleas of guilty to a three count indictment, pursuant to Fed.R.Crim.P. 11(a)(2), reserving his right to appeal from an order denying his pretrial motion to suppress evidence. For reversal of that order, Welling contends that the district court erred in finding that the search of his car, following his arrest for driving while intoxicated, was for inventory purposes and permissible under *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

There is no factual dispute concerning Welling's arrest by a Forest City, Arkansas police officer and the officer's subsequent discovery of marijuana and a M–16 rifle in the trunk of Welling's car. The controversy stems from the court's conclusion that the search was made pursuant to the Forest City Police Department's standard policy of inventorying the contents of a vehicle prior to impounding it.

We have carefully reviewed the record, including the transcript of the hearing held on the motion to suppress, and the briefs of the respective parties. We conclude that the district court's decision is fully supported by the evidence and no error of law occurred.[1]

Accordingly, the judgment appealed from is affirmed. *See* 8th Cir.R. 14.

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. In view of this conclusion, we need not discuss the issue of whether Welling voluntarily consented to the search of his hotel room.